UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT A CHESTRA,

    Plaintiff,

v.

RON DAVIS, et al.,

    Defendants.

Case No. 15-cv-00560-VC

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Robert Chestra, an inmate at San Quentin State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against San Quentin Warden, Ron Davis; San Quentin Director of Health Care Services, J. Lewis; and California Department of Corrections and Rehabilitation Secretary, Jeffrey Beard. Chestra has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The Court now addresses the claims asserted in Chestra's complaint.

## DISCUSSION

### I.   Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

But there is no respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by the supervisors that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II. Chestra's Allegations**

Chestra's complaint alleges the following:

Chestra was diagnosed with a bleeding arteriovenous malformation ("AVM") while he was in state custody. Chestra was denied the required surgery for nine months. Due to this delay in treatment, Chestra's right hand is paralyzed. If Chestra's surgery had not been delayed, his hand would not be paralyzed. Chestra is suffering from emotional and mental problems as a result of the damage to his hand.

To establish an Eighth Amendment violation based on the failure to attend to medical needs, a prisoner must allege both (1) a serious medical need and (2) deliberate indifference to that need by prison officials. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992). A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). Instead, deliberate indifference involves a purposeful act or failure to act. *McGuckin*, 974 F.2d at 1060. Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. *Id.* at 1062.

Liberally construed, Chestra's complaint appears to satisfy *Farmer*'s objective prong by alleging that had AVM, which was not timely treated. However, even liberally construed, the complaint fails the satisfy *Farmer*'s subjective prong. First, the complaint is devoid of allegations against the three named defendants. Second, the named defendants appear to be supervisors, not the individuals who were directly responsible for delaying Chestra's surgery. As stated above, there is no supervisorial or respondeat superior liability under § 1983; a supervisor is only liable if he had a personal involvement in the constitutional deprivation or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Chestra's complaint does not allege this conduct by any of the named defendants.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Chestra's Eighth Amendment claim against the named defendants for deliberate indifference to his serious medical needs is dismissed with leave to amend.

2. Chestra may file an amended complaint remedying the deficiencies noted above within twenty-eight days from the date of this Order. In addition to remedying the allegations against the

3

named defendants, Chestra may add additional defendants, if he can allege how they specifically denied, delayed or interfered in the medical treatment of his serious medical need. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Chestra must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

3. It is Chestra's responsibility to prosecute this case. Chestra must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: April 9, 2015

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT A CHESTRA,

    Plaintiff,

v.

RON DAVIS, et al.,

    Defendants.

Case No. 15-cv-00560-VC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert A Chestra ID: T-93761
San Quentin State Prison
San Quentin, CA 94974

Dated: 4/9/2015

Richard W. Wieking
Clerk, United States District Court

By:_____

Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA