1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ROBERT A CHESTRA,                          Case No.   15-cv-00560-VC
                    Plaintiff,
8                                               **ORDER OF SERVICE**

           v.
9
     S RAMAN, et al.,
10
                    Defendants.
11

12

13         Robert Chestra, an inmate at San Quentin State Prison proceeding *pro se*, filed a civil

14   rights complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for deliberate

15   indifference to his serious medical needs.  On May 29, 2015, the Court dismissed the complaint

16   with leave to amend.  The Court found that the allegations that Chestra suffered from a bleeding

17   arteriovenous malformation ("AVM") appeared to allege a serious medical need.  However, the

18   complaint did not sufficiently allege that the three named defendants were deliberately indifferent

19   to this serious medical need.  On June 22, 2015, Chestra filed an amended complaint against three

20   new defendants: Dr. S. Raman, Dr. M. Dsazko and Dr. Joseph Bick.  The Court now addresses the

21   claims asserted in Chestra's amended complaint.

22                                    **DISCUSSION**

23   **I.      Standard of Review**

24         A federal court must screen any case in which a prisoner seeks redress from a

25   governmental entity, or officer or employee of a governmental entity, to dismiss any claims that:

26   (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or

27   (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).

28   *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

United States District Court
Northern District of California

1    699 (9th Cir. 1988).

2         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

3    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

4    violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

5    42, 48 (1988).

6         Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

7    plaintiff can show that the defendant's actions both actually and proximately caused the

8    deprivation of a federally protected right.  *Lemire v. California Dep't of Corrections &*

9    *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.

10   1988).  A person deprives another of a constitutional right within the meaning of § 1983 if he does

11   an affirmative act, participates in another's affirmative act or fails to perform an act which he is

12   legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d

13   at 633.

14   **II. Chestra's Allegations**

15        Chestra's amended complaint alleges the following:

16        When Chestra was incarcerated at California State Prison at Corcoran, he was diagnosed

17   with AVM, which required surgical treatment.  A pre-operation treatment plan had been

18   developed by neurosurgeons at the University of California Medical Center at San Francisco.

19   However, Dr. Raman, Chestra's personal care physician, disregarded Chestra's pre-operation

20   treatment plan and denied the required surgery.  Dr. Raman continued to ignore Chestra's need for

21   surgery despite the fact that Chestra repeatedly told him he needed to see a surgeon.

22        Chestra was transferred to the California Medical Facility in Vacaville where Dr. Dsazko

23   was his personal care physician.  Chestra told Dr. Dsazko that he was losing motor skills and

24   needed surgery.  However, Dr. Dsazko "continued to refer to Transportation Nurse Notes 'No

25   Clinic Appointment Necessary.'"  Chestra told Dr. Bick, Chief Medical Officer, that he was not

26   getting necessary medical treatment and Dr. Bick replied, "Chestra, I know your case.  You're

27   scheduled to see the neurosurgeons at U.C.S.F."  After this, Chestra was sent to different doctors

28   who did not specialize in working with people with AVM.  A year after the surgery, Chestra was

United States District Court
Northern District of California

1    sent to a doctor who knew about AVM, but by that time "hemiperetic onset" had caused his right

2    hand to be paralyzed.

3    **III.  Discussion**

4    　　　To establish an Eighth Amendment violation based on the failure to attend to medical

5    needs, a prisoner must allege both (1) a serious medical need and (2) deliberate indifference to that

6    need by prison officials.  *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992).  A prison

7    official exhibits deliberate indifference when he knows of and disregards a substantial risk of

8    serious harm to inmate health.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official

9    must not only "be aware of facts from which the inference could be drawn that a substantial risk of

10   serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have

11   been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

12   matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

13   Instead, deliberate indifference involves a purposeful act or failure to act.  *McGuckin*, 974 F.2d at

14   1060.  Deliberate indifference may be shown when prison officials deny, delay or intentionally

15   interfere with medical treatment, or it may be shown in the way in which they provide medical

16   care.  *Id.* at 1062.

17   　　　Liberally construed, Chestra's amended complaint appears to satisfy *Farmer*'s subjective

18   prong because it alleges that all the named defendants knew that Chestra had a serious medical

19   need and that a substantial risk of serious harm existed if the need was not treated.  Nevertheless,

20   according to the amended complaint, the defendants denied or delayed Chestra's treatment, which

21   caused his arm to become paralyzed.

22   　　　　　　　　　　　　　　　　　**CONCLUSION**

23   　　　Based on the foregoing, the Court orders as follows:

24   　　　1. Chestra's allegations appear to state an Eighth Amendment claim for deliberate

25   indifference to his serious medical needs against the defendants named in the amended complaint.

26   　　　2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service

27   of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint

28   (docket no. 7) and all attachments thereto and a copy of this Order to Dr. S. Raman at California

United States District Court
Northern District of California

United States District Court
Northern District of California

1    State Prison at Corcoran and Drs. M. Dsazko and Joseph Bick at California Medical Facility at

2    Vacaville.  The Clerk shall also mail a courtesy copy of the complaint with all attachments and a

3    copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this

4    Order to Chestra.

5          3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

6    them to cooperate in saving unnecessary costs of service of the summons and the complaint.

7    Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

8    behalf of Chestra, to waive service of the summons, fail to do so, they will be required to bear the

9    cost of such service unless good cause be shown for their failure to sign and return the waiver

10   forms.  If service is waived, this action will proceed as if Defendants had been served on the date

11   that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be

12   required to serve and file an answer or other responsive pleading before sixty days from the date

13   on which the request for waiver was sent.  (This allows a longer time to respond than would be

14   required if formal service of summons is necessary.)

15         Defendants are advised to read the statement set forth at the foot of the waiver form that

16   more completely describes the duties of the parties with regard to waiver of service of the

17   summons.  If service is waived after the date provided in the Notice but before Defendants have

18   been personally served, the answer shall be due sixty days from the date on which the request for

19   waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

20         4.  The following briefing schedule shall govern dispositive motions in this action:

21         a.  No later than thirty days from the date the answer is due, Defendants shall file a

22   motion for summary judgment or other dispositive motion.  If Defendants file a motion for

23   summary judgment, it shall be supported by adequate factual documentation and shall conform in

24   all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case

25   cannot be resolved by summary judgment, they shall so inform the Court prior to the date the

26   summary judgment motion is due.  All papers filed with the Court shall be promptly served on

27   Chestra.

28         At the time of filing the motion for summary judgment or other dispositive motion,

4

1     Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th

2     Cir. 2012), and provide Chestra with notice of what is required of him to oppose a summary

3     judgment motion.  If the motion is based on non-exhaustion of administrative remedies,

4     Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d

5     1162 (9th Cir. 2014).

6                    b.  Chestra's opposition to the motion for summary judgment or other dispositive

7     motion shall be filed with the Court and served on Defendants no later than twenty-eight days

8     after the date on which Defendants' motion is filed.

9          Before filing his opposition, Chestra is advised to read the notice that will be provided to

10    him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure

11    and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come

12    forward with evidence showing triable issues of material fact on every essential element of his

13    claim).  Chestra is cautioned that because he bears the burden of proving his allegations in this

14    case, he must be prepared to produce evidence in support of those allegations when he files his

15    opposition to Defendants' summary judgment motion.  Such evidence may include sworn

16    declarations from himself and other witnesses, and copies of documents authenticated by sworn

17    declaration.  Chestra will not be able to avoid summary judgment simply by repeating the

18    allegations of his complaint.

19                   c.  Defendants shall file a reply brief no later than fourteen days after the date

20    Chestra's opposition is filed.

21                   d.  The motion shall be deemed submitted as of the date the reply brief is due.  No

22    hearing will be held on the motion unless the Court so orders at a later date.

23        5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil

24    Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may

25    conduct discovery.

26        6.  All communications by Chestra with the Court must be served on Defendants, or

27    Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

28    Defendants or counsel.

United States District Court
Northern District of California

5

7.  It is Chestra's responsibility to prosecute this case.  Chestra must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fourteen days prior to the deadline sought to be extended.

**IT IS SO ORDERED**.

Dated: July 14, 2015

_____

VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

6

1

2

3

4                                   UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7    ROBERT A CHESTRA,                              Case No.  15-cv-00560-VC

             Plaintiff,

8
             v.
                                                    **CERTIFICATE OF SERVICE**
9
     S RAMAN, et al.,
10
             Defendants.
11

12
             I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
13
     District Court, Northern District of California.
14
             That on July 14, 2015, I SERVED a true and correct copy(ies) of the attached, by placing
15
     said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
16
     depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
17
     receptacle located in the Clerk's office.
18

19   Robert A Chestra ID: T-93761
     San Quentin State Prison
20   San Quentin, CA 94974

21

22   Dated: July 14, 2015

23

24                                                 Richard W. Wieking
                                                   Clerk, United States District Court
25

26

27   By:_____
                                                   Kristen Melen, Deputy Clerk to the
28                                                 Honorable VINCE CHHABRIA

United States District Court
Northern District of California